IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SECRETARY OF LABOR                 :

    v.                              :   Civil Action No. DKC 01-0325

SAI MED HEALTH PLAN, LLC           :

**MEMORANDUM OPINION**

The Secretary of Labor brought this ERISA action against Sai Med Health Plan, LLC, and several principals.[1] An independent fiduciary was appointed and a number of third-party complaints were filed on behalf of the Plan, including one against Mike Affleck. Although he waived service of process, Mr. Affleck never filed an answer or otherwise responded to the complaint. On January 15, 2004, a default judgment was entered against him in the amount of $5,093.79. On December 10, 2012, Mr. Affleck filed a petition to vacate judgment by default, which is presently pending. (ECF No. 367). Neither the Secretary of Labor, nor the substitute independent fiduciary, has taken a position on the matter. (ECF No. 368). No hearing is deemed necessary. Local Rule 105.6. For the reasons the follow, the motion will be denied.

---

[1] At the time the action was commenced, Elaine Chao was the Secretary of Labor. Seth Harris is the current Acting Secretary of Labor.

In support of his motion, Mr. Affleck asserts that "[a]ll funds have been distributed and no party has proceeded against [him]." (ECF No. 367, at 1). He attaches as an exhibit a partial docket sheet, which he purports as "demonstrating that the judgment has been satisfied." (*Id.*).

Mr. Affleck cites to no legal authority for his motion, but Fed.R.Civ.P. 60(b) generally applies to relief from a final judgment. Most of the subsections of that provision are clearly inapplicable, although one may appear on the surface to apply. Pursuant to Fed.R.Civ.P. 60(b)(5), a court may relieve a party from a final judgment if "the judgment has been satisfied, released or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable." Pursuant to Rule 60(c)(1), a motion under that subsection must be filed "within a reasonable time."

Despite Mr. Affleck's assertion to the contrary, the judgment in this case has not been satisfied, released, or discharged, nor is it a prospective judgment subject to equitable considerations. Rather, a money judgment was entered against Mr. Affleck, but apparently the party in whose favor it was entered has not yet executed or otherwise collected on it. Thus, Rule 60(b)(5) could have no application, and, even if it did, Mr. Affleck has made no showing as to how his motion, filed nearly nine years after the default judgment was entered and

over four years after the case was closed, was brought "within a reasonable time."

Under Maryland law, which is applicable here, a judgment expires on its own accord twelve years after its entry if it is not renewed prior to that time. *See* Md. Rule 2-625. Thus, unless it is renewed, the default judgment against Mr. Affleck will expire in 2016, and there is no reason to take the extraordinary step of vacating it prior to that time. Accordingly, the motion to vacate judgment by default will be denied.

A separate order will be issued.

                                                  _____/s/_____
                                                  DEBORAH K. CHASANOW
                                                  United States District Judge